IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

SHARON G. RATCLIFFE,

      Plaintiff,

v.                                                      CIVIL ACTION NO. 3:06-0996

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff protectively filed her applications on December 8, 2004, alleging disability commencing December 2, 2004 as a result of chest pains, back pain and shortness of breath. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty-three years of age and had obtained a high school education. Her past relevant employment experience consisted of work as a communications caller (telemarketing), cosmetic and fragrance manager, daycare director and

secretary. In his decision, the administrative law judge found that plaintiff suffered from "hypokalemia and hypothyroidism," impairments he considered severe. Concluding that plaintiff had the residual functional capacity for a full range of medium level work and that none of her past work was precluded by this finding, the administrative law judge found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. While plaintiff does not allege specific deficiencies in the Commissioner's decision, making only general statements regarding the facts of the case and the "pain-rule," the Court will evaluate her claim as one challenging the Commissioner's credibility assessment under the pain standard.

The regulations describe a two-step process for evaluating symptoms.[1] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[2] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[3] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, Craig v. Chater, supra at 595, subjective complaints may not be

---

[1] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[2] Id.

[3] Id.

discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that, after finding that plaintiff's impairments could reasonably be expected to produce her alleged symptoms, the administrative law judge assessed the plaintiff's credibility, concluding that her statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. He based his finding on the entire record, pointing out several inconsistencies between her statements and the evidence. First, he noted that plaintiff testified that her swollen legs were her worst problem, but she made few complaints of this problem to her treating doctors. She had been prescribed medication to help alleviate the swelling, and since there were not any recent complaints about the swelling to her doctors it was reasonable to assume that the medication was effective. Also noted was the fact that medication prescribed for her hypothyroidism and hypokalemia appeared to have been effective in controlling her symptoms. Lastly, while she alleged experiencing chest pains, a 2004 stress test came back normal and she had not experienced pain during the procedure. Additionally, this problem appeared to be controlled by medication as she stated she uses a nitroglycerin spray that relieves her symptoms.

Plaintiff cites to Lewis v. Weinberger, 514 F.2d 417 (4th Cir. 1976), for the proposition that the administrative law judge's observation that the claimant did not appear to be in pain while testifying was entitled to little or no weight. There is, however, no indication that the administrative law judge placed any emphasis on whether or not the plaintiff was in pain during the hearing. Additionally, plaintiff cites two 8th Circuit decisions, Brooks v. Sullivan, 882 F.2d 1375 (8th Cir. 1989) and Ludden v. Bowen, 888 F.2d 1246 (8th Cir. 1989), stating that the Commissioner should

not have discounted plaintiff's testimony on the basis of the failure to take "potent pain relievers or to seek more extensive medical treatment," and on the grounds that plaintiff's treatment was only sporadic. Again, plaintiff did not attempt to connect the facts of her case to these cases, but merely quoted some language from each case. Upon review of the record, the court finds no indication that the administrative law judge made his determination based on plaintiff's failure to take pain medication or on "sporadic" treatment.

Clearly the evidence, including the medical evidence, supports the administrative law judge's determination that plaintiff is not disabled. There are only two medical opinions in the record concerning plaintiff's functional limitations, both by state agency physicians, and they are in agreement that plaintiff is capable of medium level work. There being no contradictory evidence in the record, the Court finds that substantial evidence supports the administrative law judge's findings.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: August 18, 2009

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE